**UNITED STATES of America,**
**Appellee,**

v.

**Christian GUZMAN, aka "Green Eyes", Defendant–Appellant.**

**No. 00–1470.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2001.

Neil B. Checkman, N.Y., NY, for appellant.

Marc L. Greenwald, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present VAN GRAAFEILAND, KEARSE, and LEVAL, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Christian Guzman appeals from a judgment entered in the United States District Court for the Southern District of New York following a jury trial before Peter K. Leisure, *Judge,* convicting him of possessing and conspiring to possess cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 18 U.S.C. § 2, and sentencing him principally to 360 months' imprisonment, to be followed by a 10–year term of supervised release. On appeal, Guzman argues that, based on the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence should be vacated on the ground that his sentence was calculated under the Sentencing Guidelines ("Guidelines") on the basis of narcotics quantities not determined by a jury beyond a reasonable doubt. We disagree and affirm the judgment.

The sentence imposed on Guzman did not exceed the statutory maximum for his offense, and the *Apprendi* principle that certain findings must be made by a jury is inapplicable for two reasons. First, the calculation of Guzman's criminal history category was based on his prior convictions; *Apprendi* itself states that the finding as to a defendant's prior convictions need not be made by a jury. *See* 120 S.Ct. at 2362. Second, to the extent that the calculation of Guzman's offense level was based on the quantity of narcotics attributable to him, we have held that that is a matter to be decided by the sentencing judge, not one that *Apprendi* requires be decided by a jury. *See United States v. Garcia,* 240 F.3d 180 (2d Cir.2001).

We have considered all of Guzman's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.